UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>Plaintiff,<br><br>- vs -<br><br>TWELVE 74 LLC,<br>d/b/a THE ALLEY MUSIC HOUSE and<br>d/b/a THE ALLEY,<br>and<br><br>SEAN C. COOPER,<br><br>Defendants. | CASE NO.: |

## **COMPLAINT**

Plaintiff, JOE HAND PROMOTIONS, INC. ("Plaintiff"), by and through its attorney, for its Complaint against Defendants, (1) TWELVE 74 LLC, *doing business as* THE ALLEY MUSIC HOUSE and *doing business as* THE ALLEY, and (2) SEAN C. COOPER, individually and as a member, manager, officer, and/or principal of Twelve 74 LLC, d/b/a The Alley Music House and d/b/a The Alley, (collectively, "Defendants") hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended (the "FCA"), 47 U.S.C. § 553 and 47 U.S.C. § 605.

2. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

3. Plaintiff, JOE HAND PROMOTIONS, INC. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business located at 213 W. Street Rd., Feasterville, Pennsylvania 19053. Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial, non-residential establishments including bars, restaurants, clubhouses, shops, and similar locations. Plaintiff held the sole and exclusive commercial license to distribute and authorize the public display of the live audiovisual closed-circuit broadcast of the *Gervonta "Tank" Davis vs. Frank "The Ghost" Martin* boxing match, including all undercard bouts and commentary, telecast on June 15, 2024 (the "Martin Program") for businesses such as the business made the basis of this case. In addition, Plaintiff held the sole and exclusive commercial license to distribute and authorize the public display of the live audiovisual closed-circuit broadcast of the *Gervonta "Tank" Davis vs. Lamont Roach Jr.* boxing match, including all undercard bouts and commentary, telecast on March 1, 2025 (the "Roach Program") for businesses such as the business made the basis of this case. The Martin Program and the Roach Program shall be referred to collectively as the "Programs." When used herein, the phrase "on the dates of the Programs" refers to June 15, 2024 and March 1, 2025.

4. Defendant, TWELVE 74 LLC

   a. is a domestic member-managed limited liability company organized and existing under the laws of the State of Texas,

   b. conducts business in the State of Texas,

   c. may be served by serving its Registered Agent, Sean C. Cooper at its registered office located at 2225 Catherine Ln., McKinney, Texas 75071,

   d. conducted business as "The Alley Music House" on the dates of the Programs,

   e. conducted business as "The Alley" on the dates of the Programs,

f. owned, operated, maintained, and controlled the commercial business known as The Alley Music House/The Alley located at 4980 Belt Line Rd., Addison/Dallas, Texas 75254 (the "Establishment") on the dates of the Programs,

g. held an active sales tax permit issued by the Texas Comptroller of Public Accounts for the Establishment on the dates of the Programs, and

h. held an active alcohol license/certificate issued by the Texas Alcoholic Beverage Commission for the Establishment on the dates of the Programs.

5. Defendant, SEAN C. COOPER

a. is an individual who resides in the State of Texas,

b. may be served at 2225 Catherine Ln., McKinney, Texas 75071 or wherever found,

c. operated, maintained, and controlled the Establishment on the dates of the Programs,

d. was a member, manager, officer, and/or principal of the entity owning and operating the Establishment on the dates of the Programs,

e. was an owner of the entity owning and operating the Establishment on the dates of the Programs,

f. had a right and ability to supervise the activities of the Establishment on the dates of the Programs, and

g. had an obvious and direct financial interest in the activities of the Establishment on the dates of the Programs.

## FACTS

6. By written agreement, Plaintiff was granted the sole and exclusive commercial license to distribute and authorize the public display of the Programs. The respective broadcasts of the Programs originated via satellite uplink and were subsequently re-transmitted interstate via satellite signal. The interstate satellite transmissions of the Programs were electronically coded or scrambled and were not available to or intended for the free use of the general public on the respective scheduled dates of the broadcasts of the Programs.

7. Plaintiff entered into subsequent agreements with various commercial establishments in the State of Texas that, in exchange for a fee for each of the Programs, allowed them to exhibit the Programs to their patrons. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer, and transmit the Programs to those establishments in the State of Texas.

8. The Martin Program and the Roach Program were each legally available to the Defendants for exhibition in their Establishment only after paying a commercial sublicense fee for each of the Programs, which fees were determined by the capacity of the Establishment. Defendants, however, chose not to contract with Plaintiff and pay the proper commercial sublicense fees to Plaintiff. Instead, Defendants, themselves and/or through their agents, servants, and/or employees, took affirmative steps to circumvent the commercial sublicensing requirement for each of the Programs and unlawfully obtained the Programs via an over the air signal or, in the alternative, via a cable signal.

9. To avoid paying the proper commercial sublicense fees to Plaintiff, some methods used by commercial locations to unlawfully obtain the broadcasts of the Programs include, but are not limited to, the illegal misuse of cable or over the air signals by the use of illegal streaming websites or applications, the misuse of legitimate non-commercial distributors of the Programs, and/or the illegal use of "fully loaded" devices/boxes.

10. Legitimate *non-commercial* distributors of the Programs clearly limit the use of their services and online applications to residential, personal, and/or non-commercial use only. Undeterred, commercial locations ignore the warnings, terms and conditions, agreements, and online application restrictions of legitimate *non-commercial* distributors of the Programs. The signal, transmitted over the air or by cable, is intercepted and unscrambled by the purchase of the Program for viewing on a personal device or in a residence. Then, commercial locations unlawfully broadcast the Programs commercially.

11. The Martin Program and the Roach Program were each exhibited at the Establishment without payment to or authorization from Plaintiff. Defendants willfully engaged in wrongful acts to intercept and/or receive each of the Programs for free or at a nominal cost or assisted in such actions and exhibited or assisted in the exhibitions of the Programs at the Establishment, while Plaintiff's legitimate customers paid substantially more for the proper commercial sublicenses. Defendants knew, or should have known, the interception and/or receipt and exhibitions of the Programs at their Establishment were not properly authorized.

12. The broadcasts of the Programs at the Establishment were not for private viewing and were not for residential, non-commercial purposes. The Establishment sold food and/or drinks on the dates and during the broadcasts of the Programs. The public displays of the Programs at the Establishment were to entice patrons to the Establishment to spend money while viewing the Programs.

13. Defendants intentionally pirated or assisted in the intentional piracy of the Programs for the purpose of their own economic gain. Defendants exhibited the Programs or assisted in the exhibitions of the Programs for the commercial purpose of attracting paying customers, patrons, and guests, thereby wrongfully benefiting financially by infringing upon Plaintiff's rights. On the dates of the Programs, in violation of Plaintiff's rights and the FCA, Defendants intercepted and/or received the transmissions of the Programs and unlawfully exhibited the Programs in their Establishment for commercial purposes.

14. Defendants did not have license, authorization, permission, or consent to publicly exhibit the Programs in the Establishment from Plaintiff.

15. In addition, by virtue of his position(s) as it relates to the Establishment, Defendant, Sean C. Cooper had the right and ability to supervise and an obvious and direct financial interest in the activities of the Establishment at all relevant times.

16. At the time of the wrongful conduct described herein, Defendants' agents, servants, and employees were in fact Defendants' agents, servants, and employees and acting within the scope of their employment and authority as Defendants' agents, servants, and employees.

PIRACY - 47 U.S.C. § 605 OR, ALTERNATIVELY, 47 U.S.C. § 553

17. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

18. The FCA protects against the piracy of radio (over the air) and television signals. By virtue of Plaintiff's proprietary rights in and to the Programs, Plaintiff is a person aggrieved under the FCA.

19. Defendants' unauthorized exhibitions of the Programs were accomplished through the interception and/or receipt of over the air signals or, in the alternative, through cable signals. Defendants' violations were willful and for purposes of commercial advantage or private financial gain.

20. Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violate 47 U.S.C. § 605. By reason of Defendants' violations of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

21. Pled in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violate 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

22. Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violate (in the alternative to the extent necessary) 47 U.S.C. §§ 605 or 553.

23. Accordingly, as to each violation, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs, and attorney's fees pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

a. for statutory damages, in the discretion of this Court, of up to the maximum amount of $10,000.00 for the violation of 47 U.S.C. § 605 or, alternatively, for the violation of 47 U.S.C. § 553 in connection with piracy of the Martin Program,

b. for statutory damages, in the discretion of this Court, of up to the maximum amount of $10,000.00 for the violation of 47 U.S.C. § 605 or, alternatively, for the violation of 47 U.S.C. § 553 in connection with piracy of the Roach Program,

c. for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $100,000.00 for the willful violation of 47 U.S.C. § 605 or, alternatively, for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $50,000.00 for the willful violation of 47 U.S.C. § 553 in connection with piracy of the Martin Program,

d. for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $100,000.00 for the willful violation of 47 U.S.C. § 605 or, alternatively, for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $50,000.00 for the willful violation of 47 U.S.C. § 553 in connection with piracy of the Roach Program,

e. for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to 47 U.S.C. § 553(c)(2)(C), and

f. for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

JAMIE KING, P.C.

*/s/ Jamie King*

Jamie King
Attorney-in-Charge
State Bar No. 24043755
P.O. Box 5757
Kingwood, Texas 77325
(832) 584-0106 Telephone
(888) 247-0443 Facsimile
jamie@jamiekingpc.com

ATTORNEY FOR PLAINTIFF,
JOE HAND PROMOTIONS, INC.